UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON HUNTER,

        Plaintiff,           No. 11-CV-11224

vs.                                  Hon. Gerald E. Rosen

WAYNE COUNTY,
SAM MILANOVICH, and
BRANDON BARBER,

        Defendants.
_____/

OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 30, 2012

PRESENT:   Honorable Gerald E. Rosen
                      United States District Chief Judge

     This Section 1983 police excessive force case is presently before the Court on Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, which was filed as an initial responsive pleading. Plaintiff has responded to Defendants' motion and Defendants have replied. Having reviewed and considered Defendant's motion, the parties' briefs and the entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

As alleged in Plaintiff's Complaint, on April 1, 2009 at approximately 11:00 p.m., Plaintiff Preston Hunter was sitting in the driver's seat of a car at a Citgo gas station located at East Warren Avenue and Cadillac in the City of Detroit while an acquaintance of his was inside the gas station when plain-clothed police officers in unmarked cars boxed Plaintiff's vehicle  [Complaint, ¶¶ 10-11].  Without announcing that they were police officers, Defendants Barber and Milanovich, who were in plain clothes, began running toward Plaintiff's car with their guns drawn.  *Id.* ¶ 16  Plaintiff tried to move his car, but struck the vehicles in front of and behind him.  *Id.* ¶ 18.   As Barber and Milanovich proceeded to approach Plaintiff, both of them began repeatedly firing their guns at him, striking him multiple times in his chest, abdomen, and arm.  *Id*. ¶¶ 19-20.

On March 28, 2011, Plaintiff instituted this action alleging Section 1983 Fourth Amendment claims and state law assault and battery claims against the individual Defendants (Counts I and II) and a deliberate indifference policy and practice constitutional claim against Wayne County (Count III).

Defendants now move to dismiss Plaintiff's constitutional claims pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants claim that Plaintiff's Complaint does not supply sufficient facts to establish that the individual Defendants did not act reasonably and does not sufficiently allege a policy or practice claim.  They add in their Reply Brief a "qualified immunity" claim.

III.  DISCUSSION

APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted).  Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 129 S. Ct. at 1949.

B.  FACTUAL ISSUES EXIST CONCERNING THE REASONABLENESS

## OF FORCE USED BY THE INDIVIDUAL DEFENDANTS

Defendants contend that there are no factual allegations in Plaintiff's Complaint that would allow the Court to draw an inference that the individual Defendants' actions violated the Fourth Amendment reasonableness standard. As indicated, however, in deciding a Rule 12(b)(6) motion, the Court must construe plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen, supra*. Viewed in this light, Plaintiff's allegations that, without provocation, the Defendants opened fire on him, and shot him multiple times, suggest an unreasonable use of deadly force.

Dismissal is inappropriate where there are factual disputes over the reasonableness of the use of deadly force. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998); *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011) Further, when "the legal question . . . is completely dependent upon which view of the facts is accepted by the jury," the District Court cannot grant a defendant police officer immunity from a deadly force claim. *Brandenburg v. Cureton*, 882 F.2d 211, 215-16 (6th Cir.1989). This is because the reasonableness of the use of force is the linchpin of the case. If the jury determines the officer shot the suspect without a reasonable belief that he posed a significant threat of death or serious physical injury to the officer or others, then the officer's actions were legally unreasonable under the Fourth Amendment. *Id*. at 216. On the other hand, if the jury believes the officer's version of the facts and finds the officer's conduct was reasonable, then he will be entitled to qualified immunity. *Id*. Where, as

here, the legal question of qualified immunity turns upon which version of the facts one accepts, the question is on for the jury, not the judge. *See Buckner v. Kilgore*, 36 F.3d 536, 540 (6th Cir.1994); *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir.1994); *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993); *Washington v. Newsom*, 977 F.2d 991, 995–96 (6th Cir.1992); *Yates v. City of Cleveland*, 941 F.2d 444, 447 (6th Cir.1991). This is especially true at the pre-trial motion phase, considering that at this stage of the litigation, the District Court must view the facts in the light most favorable to the plaintiff. *See Dickerson v. McClellan*, 101 F.3d 1151, 1162 (6th Cir.1996); *Adams*, 31 F.3d at 384.

Defendants' motion, therefore, will be denied on the Fourth Amendment claims against the individual Defendants.

Similarly, Plaintiff has sufficiently alleged a constitutional deliberate indifference/failure to adequately train policy or practice claim regarding the reasonable use of force. *See* Complaint ¶¶ 37-38. The issue is not whether Plaintiff will ultimately prevail, but rather whether he has sufficiently set forth his claims to put the Defendant on notice as to the nature of the claim. This he has done.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. #11]** is DENIED, without prejudice to their right to seek summary judgment on the grounds

5

asserted after the close of discovery.

                                       s/Gerald E. Rosen
                                       Chief Judge, United States District Court

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2012, by electronic and/or ordinary mail.

                                       s/Ruth A. Gunther
                                       Case Manager